FILED

JUL 2 5 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CLINTON DAWSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS; et al.,<br><br>  Defendants.<br>_____/ | No. C 05-2253 MHP (pr)<br><br>**ORDER DENYING MOTIONS TO DISMISS** |

Defendants have moved to dismiss this action for failure to state a claim for relief and for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and (6) on the grounds that it is barred by the election of remedies doctrine and Eleventh Amendment immunity precludes an action against the defendants in their official capacities. Two motions to dismiss were filed -- one by defendants Sinnaco, Krishna, Luca, Friderichs, DeLuna, and Brager and a separate one by defendant Rosenthal -- although both motions assert the same arguments. For the reasons discussed below, both motions will be denied.

A.  Election Of Remedies

In his complaint in this action, Dawson alleged that medical staff at the Correctional Training Facility in Soledad failed to correctly diagnose and treat his hemorrhoids and rectal bleeding. The court found that the complaint stated a claim for relief under 42 U.S.C. § 1983 for deliberate indifference to medical needs. Dawson's federal complaint was not his first one. In March 2004, he had filed an action in state court alleging state law claims for medical malpractice against the same prison medical staff and based on the same conduct

1  alleged in his federal complaint.  See Dawson v. Friedman, Kings County Superior Court
2  Case No. 04C-0255.  (The case was later transferred to Monterey County Superior Court, or
3  a duplicate case was filed in Monterey County Superior Court.)  The state court action is still
4  pending against the moving defendants and no judgment has been entered in their favor.

5        An election of remedies is the "choosing between two or more different and
6  coexisting modes of procedure and relief allowed by law on the same state of facts."  25
7  Am.Jur.2d Election of Remedies § 1 (1966).  "Before an election of remedies becomes
8  operative, there must be: (1) two or more remedies; (2) an inconsistency between the
9  remedies; and (3) a choice of one of them."  Id. at § 9.

10        The election of remedies doctrine does not bar maintenance of separate suits in federal
11  and state court, although a plaintiff may not obtain a double recovery.  "A plaintiff may
12  prosecute actions on the same set of facts against the same defendant in different courts, even
13  though the remedies the plaintiff seeks may be inconsistent. . . . But as soon as one of those
14  actions reaches judgment, the other cases must be dismissed."  Taylor v. Burlington N.R.R.,
15  787 F.2d 1309, 1317 (9th Cir. 1986); see also Botefur v. City of Eagle Point, Or., 7 F.3d 152,
16  158 & n.3 (9th Cir. 1993) (plaintiff "was free to elect his remedy:  he could bring an action
17  for breach of contract, or he could pursue a remedy under § 1983. [Footnote:] In fact,
18  [plaintiff] is free to pursue both remedies, although he may not be free to collect two
19  judgments for the same injury.")

20        Here, the election of remedies doctrine is not applicable because litigation is ongoing
21  in state court on Dawson's medical malpractice action.  He has not yet arrived at a point
22  where he must choose among his possible remedies. That same fact also prevents this court
23  from determining whether he has elected a remedy inconsistent with the remedy he seeks
24  here.  The doctrine of election of remedies does not apply under the current circumstances.
25  Defendants' motions to dismiss on the ground that the action is barred by the election of
26  remedies doctrine therefore are denied.

27        A separate problem with defendants' argument is that both the Punton and Haphey
28  cases cited had significant subsequent histories not noted in the motions to dismiss.  Defense

1 counsel is reminded that she must Shepardize or otherwise check the precedential value of
2 cases cited in briefs filed in this court to be sure they are still good law.

3 B.     Eleventh Amendment Immunity

4      Defendants also urge that the complaint should be dismissed on the ground that the
5 claims against the defendants are barred because they have Eleventh Amendment immunity
6 for actions in their official capacities.

7      The Eleventh Amendment bars from the federal courts suits against a state by its own
8 citizens, citizens of another state or citizens or subjects of any foreign state. See Atascadero
9 State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985). Furthermore, neither a state nor its
10 officials acting in their official capacities are "persons" under § 1983. See Will v. Michigan
11 Dep't of State Police, 491 U.S. 58, 71 (1989). A suit against a state official in his official
12 capacity is not a suit against the official but rather a suit against the official's office, i.e., the
13 state. See id.. Neither a state nor its officials acting in their official capacities therefore may
14 be sued under § 1983. See id. at 71. However, state officials sued in their individual
15 capacities are "persons" under § 1983 and Eleventh Amendment immunity does not bar such
16 suits. See Hafer v. Melo, 502 U.S. 21, 31 (1991).

17      In this Circuit, a suit under § 1983 against state actors necessarily implies a suit
18 against the defendants in their personal capacities. See Cerrato v. San Francisco Community
19 College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); see also Charfouros v. Board of
20 Elections, 249 F.3d 941, 956-57 (9th Cir. 2001) (liberally construing ambiguous complaint to
21 allege claims against board members in their individual capacities).

22      Defendants correctly state that they may not be sued in their official capacities.
23 However, the complaint does not purport to sue them in their official capacities. The
24 defendants on whom process was served are seven individuals employed by the California
25 Department of Corrections. The complaint does not allege whether the defendants acted in
26 their individual or official capacities. The absence of an allegation as to whether defendants
27 are sued in their individual or official capacities necessarily implies that they have been sued
28 in their individual capacities. Any doubt about this was removed when Dawson asserted in

3

his opposition to the motion to dismiss that he "sues the defendants in their individual capacity, rather than in their official capacity." Opposition To Rosenthal Motion To Dismiss, p. 4. In light of the absence of any allegation in the complaint that defendants are being sued in their official capacities and Dawson's more recent affirmative representation that they were being sued in their individual capacities, defendants' motions to dismiss on this ground are denied. The complaint is deemed to sue each defendant only in his/her individual capacity.

The CDC was listed as the lead defendant, but there were no allegations against it in the complaint and it was not served with process. Because the CDC is not an existing defendant, its Eleventh Amendment immunity is not relevant here.

For the foregoing reasons, defendants' motions to dismiss are DENIED. (Docket # 17 and # 24.)

In order to move this case toward resolution, the court now sets the following briefing schedule for further dispositive motions:

    a.    No later than **September 29, 2006**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 3, 2006**.

    c.    If defendants wish to file a reply brief, the reply brief must be filed and served no later than **November 17, 2006**.

IT IS SO ORDERED.

Dated: July 21, 2006

                                  Marilyn Hall Patel
                                  United States District Judge